## MARLEY v. HORNADAY.

PRACTICE.—*Bill of Exceptions.*—*Substituting New Bill after Appeal.*—Where, after a transcript containing a bill of exceptions is filed in the Supreme Court, the appellee, by a suit in the court below for that purpose, against the appellant, secures an order striking the original bill of exceptions from the record, upon the ground that it was imperfect and had been improperly certified to, and substituting a new bill instead thereof, which new bill is ordered to be filed as of the date of the original bill, and to be certified to the Supreme Court, and a transcript thereof is accordingly filed in such court, such new bill of exceptions is properly in the record.

From the Hendricks Circuit Court.

*J. V. Hadley*, for appellant.

*L. M. Campbell*, for appellee.

SCOTT, J.—Hornaday sued Marley and Hopwood as partners, and alleged that he had bought of them five hundred bushels of corn, at and for the price of seventy cents per bushel; that he had paid them three hundred and fifty dollars; that corn raised in price, after the purchase, to eighty cents per bushel; that they refused to deliver the corn or to pay back the money.

There were issues of fact formed by an answer of Marley, and a denial thereof by Hornaday. Hopwood made no defence. There was a trial by the court, finding for Hornaday, and, over a motion for a new trial, final judgment was rendered on the finding. Marley appealed to this court, and sixty days were given in which to file his bill of ex-

ceptions. Before the time expired, Marley filed his bill of exceptions, properly certified by the judge of the Hendricks Circuit Court. A transcript containing this bill of exceptions was filed in this court on the 22d day of August, 1877. Upon this record error was assigned by Marley, that the court erred in overruling his motion for a new trial, and that the complaint did not state facts sufficient to constitute a cause of action.

On the 23d day of November, 1877, Hornaday filed a complaint, in the Hendricks Circuit Court, against Marley, in which he alleged that the bill of exceptions, which had been signed by the judge, was imperfect, and had been improperly certified to by the judge, in vacation, under mistake and misapprehension, and praying to have this bill of exceptions stricken from the record and a proper bill of exceptions substituted. Marley appeared to this proceeding, and filed an answer. There was a trial by the court, and finding for appellee, Hornaday, and the original bill of exceptions was ordered to be stricken from the record and a new bill of exceptions substituted instead thereof, and the new bill was ordered to be filed as of the date of the original bill. On the 17th day of May, 1878, on motion of Hornaday, the new bill of exceptions was ordered to be certified to this court, which was done, and a transcript of the new bill of exceptions was filed in this court on the 17th day of May, 1878.

Two questions are presented:

First. Is this second bill of exceptions properly a part of the record?

Second. If it is properly in the record, does the evidence sustain the finding of the circuit court?

It is the opinion of the court that the new bill of exceptions is properly in the record, and the evidence therein set forth sustains the finding and judgment of the court.

The judgment is affirmed, at the costs of the appellant.